KING, J.,
for the Court:
¶ 1. Rickey Dale Meshell was charged with capital murder and convicted of manslaughter in the Harrison County Circuit Court and is serving a sentence of twenty years imprisonment as an habitual offender. That conviction was affirmed by the Mississippi Supreme Court on April 22, 1987.[1] The present appeal arises from a post conviction relief motion which was denied as being time barred by the Harrison County Circuit Court on October 1, 1997.
Facts
¶ 2. In this action Meshell attempts to collaterally attack a guilty plea that underlies his status as an habitual offender. On January 16, 1980, Meshell entered a guilty plea to a burglary charge and was placed upon probation. On June 19, 1981, this probation was revoked, and Meshell was sentenced to three years imprisonment in the custody of the Mississippi Department of Corrections. He was subsequently released, and then committed the manslaughter offense for which he is currently incarcerated.
Discussion
¶ 3. Meshell’s post conviction relief motion rests upon two contentions: 1) that he was not adequately represented when he pled guilty to the underlying burglary offense, and thus he was not afforded his constitutional rights as first enunciated in Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and, 2) that this denial of adequate representation implicates a constitutional right sufficient to except his present petition from the procedural bar to any request for post conviction relief filed more than three years after the entry of the guilty plea. See Miss. Code Ann. § 99-39-5 (Supp. 1998 ).
¶ 4. The record is insufficient to answer whether Meshell was represented and counseled so as to allow him to make a knowing and intelligent waiver in entering his plea to the burglary charge in 1980. Meshell’s complaint for post conviction relief has attached to it a written listing of the provisions of his probation which bear his signature. The Harrison County Circuit Court noted that this is the fourth post conviction relief motion that Meshell has brought concerning his manslaughter conviction. Nevertheless, because the underlying burglary charge is time barred, it is not necessary to reach the merits of whether he was adequately represented in his guilty plea.
¶ 5. Concerning the procedural bar, in Bevill v. State, 669 So.2d 14 (Miss.1996), the supreme court directly addressed this issue and held:
It is conceivable that under the facts of a particular case, this Court might find that a lawyer’s performance was so deficient, and so prejudicial to the defendant, that the defendants fundamental constitutional rights were violated. However, this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar. Therefore, Bevill’s ineffective assistance of counsel claim is insufficient to surmount the procedural bar.
Id. at 17.
¶ 6. Meshell nevertheless contends that the United State Supreme Court has held that a prisoner may collaterally attack an underlying conviction that serves to enhance another conviction for which he is *1096 sentenced as an habitual offender. As a matter of law, this is incorrect. The Supreme Court has held that an individual on parole for a prior conviction who committed a second offense for which he was sentenced as an habitual offender because of the prior conviction, could not attack the prior conviction via a habeas corpus petition. Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).
¶ 7. More recently, Maleng was cited favorably by the Supreme Court when it held that a prisoner, who was sentenced to multiple sentences to run consecutively, may collaterally attack a prior conviction even though his sentence had run so long as he remained in custody and was serving one of the sentences that was consecutively imposed. Garlotte v. Fordice, 515 U.S. 39, 45, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995). That case is clearly different than that presented by Meshell.
¶ 8. A petitioner for post conviction relief bears the burden of proof of showing that he is entitled to such relief. Neal v. State, 687 So.2d 1180, 1186 (Miss.1996). Nothing in the record or briefs indicates the procedural bar should be relaxed in this case. The trial court did not err in holding that Meshell’s post conviction complaint is procedurally barred.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING RICKEY DALE MESHELL’S MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.

. Meshell v. State, 506 So.2d 989 (Miss.1987).