766 So.2d 133 (2000)
Larry Alan ANDERSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01832-COA.
Court of Appeals of Mississippi.
September 5, 2000.
*134 Larry Alan Anderson, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE KING, P.J., LEE, AND MYERS, JJ.
LEE, J., for the Court:
¶ 1. Larry Alan Anderson pled guilty to the crime of grand larceny. Subsequently, Anderson filed a timely pro se post-conviction collateral relief motion which was denied by the trial judge without a hearing. Feeling aggrieved by the decision of the trial court, Anderson has filed a timely pro se appeal and asserts the following issues: (1) whether the trial court erred when it allowed the State to amend the indictment relative to Anderson's habitual status, and (2) whether counsel for Anderson provided ineffective assistance of counsel. Finding these issues to be without merit, we affirm the decision of the lower court.

FACTS
¶ 2. Anderson was indicted for stealing an eight horse power twenty-five ton log splitter and charged with the crime of grand larceny as an habitual offender. Thereafter, Anderson pled guilty to the *135 crime of grand larceny and was sentenced as an habitual offender. Additional facts will be discussed as necessary to address the merits of the issues presented by Anderson.

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO AMEND THE INDICTMENT RELATIVE TO ANDERSON'S HABITUAL STATUS.
¶ 3. Anderson argues that the trial court erred when it allowed the State to amend the indictment regarding his habitual status without further action by the grand jury. The State counters this argument and asserts that it was properly within the guidelines of statutory and case law when it amended the indictment to prove Anderson's habitual status under Miss.Code Ann. § 99-19-81 (Rev.1994).
¶ 4. In Burrell v. State, 726 So.2d 160 (¶ 4) (Miss.1998), the Mississippi Supreme Court clearly stated that amendments to indictments to charge the defendant as an habitual offender are allowed. These amendments are not viewed as one of substance and are allowed by Uniform Circuit and County Court Rule 7.09. Id. The amendment is allowed because it affects only the sentence imposed and does not affect the substance of the offense for which the individual was originally indicted. Id.
¶ 5. A review of the record reveals that the amendment to the indictment about which Anderson complains, reduced his habitual offender charge from the possibility of his being sentenced to life imprisonment under Miss.Code Ann. § 99-19-83 (Rev. 1994) to sentencing him as an habitual offender under Miss.Code Ann. § 99-19-91 (Rev.1994) which allows for only the maximum term of imprisonment provided by the criminal statute with which Anderson has been charged. In Nathan v. State, 552 So.2d 99, 105-07 (Miss.1989), the facts were similar to the case sub judice because the State amended the indictment to charge Nathan as an habitual offender under Miss.Code Ann. § 99-19-81 instead of Miss.Code Ann. § 99-19-83. The Mississippi Supreme Court held that it was not error to allow an amendment that reflected that the defendant would be charged as an habitual offender under Miss.Code Ann. § 99-19-81 (Rev.1994) instead of the original charge pursuant to Miss.Code Ann. § 99-19-83 (Rev.1994). Id. Therefore, we find this issue to be without merit and affirm the trial court.

II. WHETHER COUNSEL FOR ANDERSON PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 6. Anderson argues that his counsel provided ineffective assistance of counsel because he failed to object to his being sentenced under § 99-19-81 as an habitual offender. Anderson contends that the trial judge lacked the authority to sentence him as an habitual offender because he was not sentenced to served one year or more in any state or federal penal institution. Anderson alleges that the order from the Commonwealth of Kentucky only carried a probated sentence instead of a sentence to a penal institution. Anderson states that it was his counsel's failure to argue this point to the trial court prior to his sentencing that constitutes ineffective assistance of counsel. Anderson is requesting this Court not to sentence him as an habitual offender and reduce his sentence from five years without parole to five years with parole. The State opposes this argument by asserting that Anderson was properly charged as an habitual offender because whether an individual is actually incarcerated is not a necessary element of proof. In turn, Anderson was properly sentenced as an habitual offender and his attorney's performance should not be classified as ineffective. We will first address Anderson's argument that the trial court lacked jurisdiction to sentence him as an habitual offender. Miss.Code Ann. § 99-19-81 (Rev.1991) states:

*136 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms on one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 7. Within the annotations to Miss.Code Ann. § 99-19-81 (Rev.1994) the case of Hewlett v. State, 607 So.2d 1097 (Miss. 1992) is cited regarding the sufficiency of prior sentences as they pertain to the requirements of the statute and being sentenced as an habitual offender. In Hewlett, the Mississippi Supreme Court held that even if a defendant had not been incarcerated after he was sentenced for one or more years for two completely different felony convictions he could still be sentenced as an habitual offender. Id. at 1105.
¶ 8. The State offered two crimes to support Anderson's habitual offender status. One was a previous conviction for robbery by use of deadly weapon in the criminal court of Shelby County, Tennessee which Anderson does not dispute; however, what is in dispute is the second conviction for an unlawful transaction with a minor in the Circuit Court of McCraken County, Kentucky.
¶ 9. A review of the final judgment discloses that Anderson was sentenced to five years and that it was Anderson's good fortune that his sentence was probated for five years subject to his continuing to meet certain conditions, therefore relieving Anderson of the burden of incarceration. In light of the holding by the Mississippi Supreme Court in Hewlett, it was not error to sentence him as an habitual offender. The resolution of this issue also resolves the issue of Anderson's claim of ineffective assistance of counsel.
¶ 10. To prevail on the issue of whether his defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 456. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988). When this Court reviews the totality of the circumstances revealed in the record, we find that Anderson has failed to meet his burden and substantiate the facts argued essential to proving deficiency and prejudice. Under the application of Hewlett, actual incarceration is not required to be sentenced as an habitual offender; therefore, this Court can find no deficiency or prejudice for any supposed inaction on this point by Anderson's counsel.
¶ 11. Additionally, Miss.Code Ann. § 99-39-9(e) (Rev.1994) requires that the prisoner supply information regarding "how or by whom said facts will be proven." This could be done through affidavits of witnesses who will testify, copies of records or documents offered, or if none of this information can be provided, the prisoner must specifically state why, what has been done to try and obtain them and a *137 request that the court excuse their absence. Miss.Code Ann. § 99-39-9(e) (Rev. 1994). Anderson has no additional affidavits and failed to instruct the trial court and this Court of how or by whom he would prove the facts on which he bases his claim of ineffective assistance of counsel. Accordingly, we determine that Anderson's claim for ineffective assistance of counsel, as well as the other issues raised are manifestly without merit, and the trial court did not err in denying him an evidentiary hearing. See Robertson v. State, 669 So.2d 11, 13 (Miss.1996); see also Miss.Code Ann. § 99-39-11(2) (Supp. 1999). Therefore, the denial of the petition for post-conviction collateral relief filed by Anderson is hereby affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.