802 So.2d 181 (2001)
Thomas GREEN a/k/a Thomas Fox, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00244-COA.
Court of Appeals of Mississippi.
December 18, 2001.
Thomas Green, Appellant Pro Se.
Office of the Attorney General by Jean Smith Vaughan, for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
KING, P.J., for the Court.
¶ 1. Thomas Green pled guilty to a charge of simple assault upon a law enforcement *182 officer in the Circuit Court of Lafayette County, Mississippi. His subsequent petition for post-conviction relief was denied. Aggrieved by that denial, he has appealed and has raised the following issues:
I. Whether his guilty plea was voluntary.
II. Whether he received ineffective assistance of counsel.

FACTS
¶ 2. On August 6, 1997, a bill of criminal information was filed against Green charging him with simple assault of a law enforcement officer. On August 12, 1997, he signed a waiver of indictment to the charge. With assistance of counsel, Green filed a petition to enter a guilty plea.
¶ 3. At the hearing on August 12, 1997, the trial judge questioned Green regarding his age and educational level. Green testified that he was thirty-one years old and had finished one year of college. The trial judge went on to question Green regarding whether or not his attorney discussed the information contained in the petition with him. Green stated that his attorney had discussed the information with him. The trial judge also asked Green if he was satisfied with what his attorney had done for him. Green stated that he was not satisfied with the deal he was getting, but that he was satisfied with his attorney.
¶ 4. The trial judge explained to Green that he had to be satisfied that Green understood the waivers and the rights that would be forfeited before his guilty plea could be accepted. The trial judge went into extensive detail regarding Green's waiver of rights. Green then acknowledged that he understood these waivers.
¶ 5. The trial judge discussed the State's recommendation regarding Green's previous charge of capital murder which would be reduced to manslaughter, in addition to the current plea on the simple assault on a law enforcement officer charge. The trial judge also asked Green if he in fact signed the waiver of indictment to the simple assault charge. He responded affirmatively. The trial judge asked if Green understood that he would not have to answer to the charge or defend it until a grand jury had indicted him. Green testified that he understood this.
¶ 6. After questioning Green as to why he was pleading guilty, the trial judge accepted Green's plea based on his responses to the questions. The trial judge also determined that Green was competent to understand the circumstances and consequences in offering his guilty plea, and that it was freely and voluntarily given.
¶ 7. Upon inquiry by the court, the State recommended that Green be sentenced to a five-year term to be served consecutively to the twenty-year term on the manslaughter conviction. The court accepted the State's recommendation and sentenced Green to serve these terms in an institution to be designated by the Mississippi Department of Corrections.
¶ 8. On October 19, 2000, Green filed a petition for post-conviction collateral relief. On January 26, 2001, the court dismissed this petition. After having reviewed the record, the court determined that Green was not entitled to relief. From that denial of relief, Green, pro se, has filed this appeal.

ISSUES AND ANALYSIS

I.

Whether Green's guilty plea was voluntary.

II.

Whether Green received ineffective assistance of counsel.
¶ 9. Because issues I and II are interwoven, this Court has addressed them jointly.
*183 ¶ 10. Upon review of a trial court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595 (¶ 6) (Miss. 1999). Where questions of law are raised, the applicable standard of review is de novo. Id.
¶ 11. Green argues that his guilty plea was involuntarily given because he received erroneous advice from his attorney. According to Green, his attorney indicated that the failure to plead guilty could result in indictment as an habitual offender and a life sentence. It is Miss.Code Ann. Section 99-19-83 (Rev. 2000), which provides life imprisonment for persons convicted as habitual offenders. However, Green maintains that he was ineligible for a life sentence under Miss.Code Ann. Section 99-19-83 (Rev. 2000). This section provides that:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 12. Green is correct in that he would not be eligible for habitual offender status under the above section. While Green had two prior offenses for which he had served probation, there is no evidence that Green had actually served time in any state and/or federal penal institution as required by statute.
¶ 13. Green also contends that he was not eligible for habitual offender status under Miss.Code Ann. Section 99-19-81 (Rev. 2000). This section states that:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 14. Green may have been eligible for habitual offender status under § 99-19-81. He states in his brief that he had been sentenced to probation for two prior felonies which arose from the same incident. During the guilty plea hearing on the simple assault charge, Green also pled guilty to manslaughter in another case. The trial court sentenced Green to serve a twenty-year term and a five-year term, to run consecutively to each other. Therefore, Green could still be considered eligible for habitual offender status, even though he had been placed on probation for prior felonies. Service of sentence through actual incarceration is not mandatory when considering habitual offender status under § 99-19-81. Jackson v. State, 381 So.2d 1040, 1042 (Miss.1980). Where a defendant has been twice previously judged guilty of distinct felonies on which sentences of one year or more have been pronounced, irrespective of subsequent probation or suspension, statutory intent is *184 satisfied regarding habitual offender statutes. Id.
¶ 15. Green states that had he known that he was not eligible to be sentenced as an habitual offender, he would have proceeded with a jury trial. While Green suggests that he was misinformed by his attorney regarding sentencing for habitual offenders, there is no evidence presented in the record which suggests that Green was told that he would be indicted as an habitual offender. Taylor v. State, 766 So.2d 830 (¶ 20) (Miss.Ct.App. 2000). As we have noted, Green could have been eligible for habitual offender status under § 99-19-81, even though he was not charged as an habitual offender. Truthfully informing a defendant that he is subject to indictment as an habitual offender is not improper. Anderson v. State, 766 So.2d 133 (¶ 10) (Miss.Ct.App. 2000).
¶ 16. Green, who signed a waiver of indictment and pled guilty to a bill of criminal information, now contests the voluntariness of that plea, claiming ineffective assistance of counsel.
¶ 17. In speaking to this matter, Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules states:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
¶ 18. The transcript reveals that the trial court after due inquiry determined that Green's plea was voluntary. Green has presented no evidence to support his argument that he pled guilty because of a threat made by his attorney.
¶ 19. In this action for post-conviction relief, Green bears the burden of establishing his claim. Meshell v. State, 755 So.2d 1094 (¶ 8) (Miss.Ct.App.1999). Green must provide evidence that his attorney's performance was deficient to the extent that it would constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Having determined that Green's plea was voluntarily entered and that his attorney's conduct did not constitute prejudice to his defense, we find these claims to be without merit.
¶ 20. As this Court previously noted, the trial court was very detailed in questioning Green to ascertain whether he understood, and whether his plea was voluntary. However, we also note that these questions were asked en masse, with Green being given the opportunity to respond after all questions had been asked. In matters of this nature, the better reasoned approach is to ask these questions seriatim, with the defendant being given the opportunity to respond immediately after each question is asked.
¶ 21. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.