KING, C.J.,
for the court.
¶ 1. Wakean C. Bradley appeals an order denying post-conviction relief entered by the Circuit Court of Harrison County. Aggrieved by his conviction, Bradley raises the following issues which we quote verbatim:
I. Did the lower court err in ruling that the petition for post-conviction relief was barred as successive under Section 99-39-23(6) of Mississippi Code Annotated?
II. Does the sentence exceed the statutory maximum punishment prescribed by law?
III. Is the sentence illegal and/or has the sentence expired?
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On May 14, 1992, Bradley was found guilty of possession of a controlled substance with intent to deliver and sentenced to thirty years as an habitual offender without parole or probation, and fined $1,000,000. On August 4, 1993, the habitual portion of Bradley’s sentence was vacated, his previous sentence of thirty years was suspended and reduced to time served, and Bradley was placed on five years of probation.
¶ 4. On November 11, 1996, Bradley’s probation was revoked. He was placed in the custody of the Mississippi Department of Corrections to serve his thirty-year sentence. On October 15, 1999, Bradley filed a motion to vacate and set aside his conviction and sentence. On April 16, 2001, a hearing was held on the motion. On April 24, 2001, Bradley’s motion was denied.
¶ 5. Bradley, pro se, filed a motion to vacate illegal sentence on October 24, 2002. The motion was denied as being procedurally barred as a successive motion.
ISSUES AND ANALYSIS
Did the trial court err in ruling that the petition for post-conviction relief was barred as successive under Section 99-39-23(6) of Mississippi Code Annotated?
Standard of Review
¶ 6. ‘When reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.” Graves v. State, 822 So.2d 1089(¶ 4) (Miss.Ct.App.2002) (citations omitted).
¶ 7. Bradley claims that the trial court’s ruling that his petition was successive pursuant to Mississippi Code Annotated Section 99-39-23(6) (Rev.2000) is incorrect. Bradley asserts that his second petition for post-conviction relief claims that his sentence is illegal and exceeds the statutory maximum punishment whereas his first petition for post-conviction relief did not bring forth these allegations.
¶ 8. The record indicates that Bradley filed a petition for post-conviction relief in October 1999, which was denied. In that petition, Bradley alleged ineffective assistance of counsel and a violation of his Fourth Amendment rights. Bradley’s second petition was filed in October 2002, which was denied as well. In that petition, *1064 Bradley claims that his sentence was illegal.
¶ 9. Bradley now asserts that his second petition should not be barred because it meets one of the exceptions to the bar. The exceptions include: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which the prisoner has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked. Laushaw v. State, 791 So.2d 854(¶ 9) (Miss.Ct.App.2001). Additionally, the supreme court has held “that errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration.” Ivy v. State, 731 So.2d 601(¶ 13) (Miss.1999). Bradley claims he received an illegal sentence because he had (1) served the time of his sentence, (2) received a suspended sentence and a term of probation while having been previously convicted of felonies, and (3) his sentence exceeded the statutory maximum punishment.
¶ 10. According to the record presented to this Court, Bradley did not raise the issue of an illegal sentence in his first petition for post-conviction relief. If a petitioner could have raised an issue, but did not, the issue is barred. Mississippi Code Annotated Section 99-39-21(1) (Rev.2000). There is nothing in the record which suggests that this information could not have been discovered at the time Bradley filed his first petition for post-conviction relief. Therefore, this Court affirms the trial court’s decision and finds issues II and III moot.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.