BARNES, J.,
 

 for the Court.
 

 ¶ 1. Michael Wayne Davis, proceeding pro se, appeals the dismissal of his motion for post-conviction relief by the Circuit Court of Harrison County. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On July 28, 2003, Davis was indicted as a habitual offender on one count of manufacture of methamphetamine, two counts of aggravated assault on peace officers, and one count of possession of methamphetamine. Davis was previously convicted of felony possession of a controlled substance, for which he was sentenced to three years in the custody of the Mississippi Department of Corrections (MDOC), and two counts of uttering a forgery, for which he was sentenced to seven years in the custody of the MDOC for each count. Davis pleaded guilty to manufacture of methamphetamine and two counts of aggravated assault. He was sentenced to five years on the manufacture of methamphetamine charge and thirty years on each of the aggravated assault on peace officers charges, with the latter to run concurrently with one another but consecutively to the five-year sentence.
 

 ¶ 3. Davis then filed a motion for post-conviction relief in the circuit court on the following grounds: (1) he received ineffective assistance of counsel when his lawyer coerced him into pleading guilty by telling him that he would receive only a five-year sentence; (2) his guilty plea was involuntary due to such coercion; and (3) his multi-count indictment was defective. The circuit court dismissed the motion. From this decision, Davis now appeals.
 

 DISCUSSION
 

 I. Whether Davis received ineffective assistance of counsel.
 

 ¶ 4. We note initially that in his brief submitted to this Court, Davis alleges numerous actions or inactions on the part of his attorney that he argues amounted to ineffective assistance of counsel. Most of these claims were not made in Davis’s original motion for post-conviction relief before the circuit court; therefore, they are procedurally barred from consideration by this Court.
 
 See Foster v. State,
 
 716 So.2d 538, 540(¶7) (Miss.1998). Ac
 
 *437
 
 cordingly, our discussion below will focus only on those claims raised in Davis’s motion for post-conviction relief before the circuit court.
 

 ¶ 5. Davis argues that the circuit court erred in rejecting his claim that he received ineffective assistance of counsel. Davis contends that his attorney coerced him into pleading guilty by telling him that he would receive only a five-year sentence if he pleaded guilty, whereas if he went to trial, he was subject to capital punishment. He argues that his attorney told him that after he had completed two years of his sentence, the attorney would file an “appeal for a reduction of his sentence and ... all of his ‘Good Time’ earned would be put towards his reduced sentence.” Accompanying Davis’s motion were his own affidavit attesting to these allegations and that of Carol Redmond, who stated that she had a conversation with Davis’s attorney in June 2003 during which the attorney told her that Davis would not receive more than five years and also that the attorney would “get him back into court within (2) two years for a sentence reduction and all of his good time would be put on his new reduced sentence.”
 
 [1]
 

 ¶ 6. The standard for proving a claim of ineffective assistance of counsel is well settled. “To prevail on a claim of ineffective assistance of counsel, a defendant must meet a two-pronged test set forth in
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).”
 
 Williams v. State,
 
 971 So.2d 581, 591(¶ 34) (Miss.2007) (quoting
 
 Rankin v. State,
 
 636 So.2d 652, 656 (Miss.1994)). The Mississippi Supreme states:
 

 The
 
 Strickland
 
 test requires a showing that counsel’s performance was sufficiently deficient to constitute prejudice to the defense. The defendant has the burden of proving both prongs. A strong but rebuttable presumption, that counsel’s performance falls within the wide range of reasonable professional assistance, exists. The defendant must show that but for his attorney’s errors, there is a reasonable probability that he would have received a different result in the trial court.
 

 Id.
 
 (citations omitted). “Stated differently, a defendant must show that his trial counsel’s performance was deficient and that he was prejudiced by the deficient representation.”
 
 Id.
 

 ¶ 7. “The rule regarding ineffective assistance of counsel in the context of a guilty plea is that when a convicted defendant challenges his guilty plea on grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity.”
 
 Buck v. State,
 
 838 So.2d 256, 260(¶ 12) (Miss.2003). “Beyond that, he must show that those errors proximately resulted in his guilty plea and that but for counsel’s errors he would not have entered the plea.”
 
 Id.
 
 (citing
 
 Reynolds v. State,
 
 521 So.2d 914, 918 (Miss.1988)). In short, where a defendant pleads guilty, the key issue is whether there was a reasonable probability that the defendant would not have pleaded guilty, but instead would have gone to trial, if counsel’s performance had been effective.
 
 Pleas v. State,
 
 766 So.2d 41, 43(¶ 7) (Miss.Ct.App.2000) (citing
 
 *438
 

 Bell v. State,
 
 751 So.2d 1035, 1038(¶ 14) (Miss.1999)).
 

 ¶ 8. In rejecting Davis’s ineffective assistance of counsel claim, the circuit court stated as follows:
 

 [I]n the petition to enter plea of guilty, Davis clearly acknowledged that his sentence was up to the Court and that he could receive zero to ninety years imprisonment. Moreover, Davis indicated his satisfaction with his attorney’s advice and recognized that if he had been told by his lawyer that be might receive a lighter sentence this was merely a prediction and not binding on the Court.
 

 We find no error in the circuit court’s holding in this regard. This Court has stated:
 

 Great weight is given to statements made under oath and in open court during sentencing. The trial court is right to place great emphasis upon the statements under oath made ... in open court during the taking of ... guilty pleas and sentencing. There should be a strong presumption of validity of anyone’s statement under oath.
 

 Sanchez v. State,
 
 913 So.2d 1024, 1027(¶ 8) (Miss.Ct.App.2005) (internal citations omitted);
 
 Mowdy v. State,
 
 638 So.2d 738, 743 (Miss.1994) (affirmed trial court’s denial of petitioners’ motion for post-conviction relief without a hearing because petitioners’ claims were contradicted by previous sworn statements). Here, as the circuit court found, Davis acknowledged under oath that he was aware of the possibility that he could receive up to ninety years in prison; that he was satisfied with the service of his lawyer; and that any promises by his lawyer of a lighter sentence were not binding on the court.
 
 See Young v. State,
 
 731 So.2d 1120, 1122-23(¶ 10) (Miss. 1999) (“[Wjhere an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required.”) (citations omitted).
 
 [2]
 
 Moreover, during the guilty plea hearing, Davis acknowledged that he was satisfied with the performance of his lawyer. Given that Davis’s current claims are contradicted by his sworn representations in his petition, we find that the circuit court did not err in denying Davis’s motion for post-conviction relief on such grounds.
 
 See Sanchez,
 
 913 So.2d at 1027(¶ 8) (finding that the trial court did not err in dismissing motion for post-conviction relief based on the fact that Sanchez’s allegations that the sentence he received was in breach of plea agreement reached between his counsel and the district attorney were directly contradicted by his sworn representations in his guilty plea petition). Accordingly, this issue is without merit.
 

 II. Whether Davis’s guilty plea was knowing and voluntary.
 

 ¶ 9. Davis next argues that his guilty plea was not knowing and voluntary based on his attorney’s coercion and misrepresentations as to what his sentence would be. With regard to his claim, the circuit court stated as follows:
 

 [T]here is no evidence of coercion and no indication that Davis’fs] plea was involuntary. Additionally, in his petition to enter plea of guilty, Davis indicated he was not under the influence of any drugs or intoxicants and stated, “I offer my
 
 *439
 
 plea of guilty freely and voluntarily and of my own accord and with full understanding of all the matters set forth in the indictment and in this petition and in the certifícate of my lawyer which follows.” Upon review, this Court finds Davis’[s] plea was voluntarily entered.
 

 Having reviewed the record, we find no error in the circuit court’s finding. This Court has stated:
 

 Where erroneous legal advice on sentencing has been given to a defendant by his counsel and/or defendant relied on assertions or predictions made by his counsel, no error attaches if the record affirmatively shows the defendant was correctly advised of his peril by the sentencing court. In some cases, however, mistaken advice from counsel can vitiate a guilty plea. In
 
 Gardner [v. State,
 
 531 So.2d 805 (Miss.1988) ], the court stated the thoroughness by which the lower court had interrogated Gardner at the time his guilty plea was tendered was the most significant evidence. The court then determined regardless of the instructions or advice defendant may have received from counsel, the thoroughness of the lower court’s questioning at the sentencing hearing was sufficient to render the plea voluntary.
 

 Lawrence v. State,
 
 970 So.2d 1291, 1295(¶ 7) (Miss.Ct.App.2007) (internal citations omitted).
 

 ¶ 10. In this case, our review of Davis’s petition to enter guilty a plea and the transcript of his guilty plea hearing reveal that Davis was aware of the potential sentence he was facing and that his plea was knowing and voluntary. As was noted above, in his petition to enter a guilty plea Davis acknowledged under oath that he could be sentenced to up to ninety years in prison if he pleaded guilty and that any promises by his lawyer of a lighter sentence were not binding on the court. Moreover, as the circuit court found, Davis stated that his guilty plea was given “freely and voluntarily.” The certificate of counsel submitted by Davis’s counsel states that the maximum and minimum penalties for each count had been explained to Davis; that Davis was competent to understand the effect of his guilty plea; and that his guilty plea was “voluntarily and understanding^ made.” Finally, at the guilty plea hearing, the circuit judge questioned Davis as follows:
 

 The court: Michael Wayne Davis, how far did you go in school?
 

 Davis: 11th grade.
 

 The court: Can you read and write?
 

 Davis: Yes, sir.
 

 The court: Did you read your petition before you signed it?
 

 Davis: Yes, sir.
 

 The court: Did you understand it?
 

 Davis: Yes, sir.
 

 [[Image here]]
 

 The court: All right, sir. And you are charged in this indictment as a habitual felon, correct?
 

 Davis: Yes, sir.
 

 [[Image here]]
 

 The court: That means whatever the sentence is [it] is day-for-day?
 

 Davis: Yes, sir.
 

 Mr. Lusk: He understands that, Your Honor.
 

 The court: Do you understand that aggravated assault on a police officer which you’re pleading guilty to carries up to, is it 20 or 25 years?
 

 Mr. Bourgeois (assistant district attorney): 30 years, Your Honor.
 

 The court: 30 years?
 

 Mr. Bourgeois: Yes, sir.
 

 Davis: Yes, sir.
 

 
 *440
 
 The court: Mr. Davis, it looks like to me that you probably would not have anything to lose by going to trial on these charges, because you’re looking at up to 90 years total, day-for-day. Have you got that much time left?
 

 Davis: No, sir.
 

 The court: Do you still wish to plead guilty to this charge?
 

 Davis: Yes, sir.
 

 ¶ 11. Based on the foregoing consideration, we find that Davis was adequately questioned and advised by the circuit court of his potential sentence, and that his guilty plea was knowing and voluntary. His arguments in his motion for post-conviction relief are directly contradicted by the record in this case. Accordingly, this issue is without merit.
 

 III. Whether Davis’s multi-count indictment was defective.
 

 ¶ 12. Davis argues that the portion of his indictment charging him as a habitual offender was improper given that he never “served any confined time” on his prior convictions. The indictment states:
 

 And we, the GRAND JURORS, upon our oaths do further present, that he, the said Michael Wayne Davis, is a habitual criminal who is subject to being sentenced as such pursuant to Section 99-19-81, Miss.Code of 1972, as amended, in that he, the said Michael Wayne Davis, has been convicted at least twice previously of felonies or federal crimes upon charges separately brought and arising out of separate incidents at different times and has been sentenced thereon to separate terms of imprisonment of one year or more, to-wit....
 

 The indictment then stated that Davis, on February 13, 1998, was convicted of one count of possession of a controlled substance and two counts of uttering a forgery. He was sentenced to three years in the custody of the MDOC on the possession charge and seven years in the custody of the MDOC for each count of uttering a forgery. Davis argues that these sentences were suspended, and he was sentenced to probation; therefore, because he was never actually incarcerated, he was not eligible to be sentenced as a habitual offender.
 
 [3]
 

 ¶ 13. Davis was indicted as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007), which states as follows:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 Davis was convicted in February 1998 of one felony count of possession of a controlled substance and two felony counts of uttering a forgery. He was sentenced to three years in prison for the possession conviction and seven years for each count of the uttering a forgery conviction. Although these convictions took place on the same day, they were listed in two separate
 
 *441
 
 cause numbers. Therefore, as these convictions arose “out of separate incidents at different times,” they rendered Davis subject to being tried as a habitual offender.
 

 ¶ 14. The Mississippi Supreme Court and this Court have repeatedly held that an individual is not required to have actually served any prison time in order to be sentenced as a habitual offender. In
 
 Jackson v. State,
 
 381 So.2d 1040, 1042 (Miss.1980), the supreme court, in response to the argument that section 99-19-81 requires not only that an individual be sentenced to terms of one year or more, but also that such sentences be “served through actual incarceration,” stated:
 

 We reject this argument, because we think the statutory intention is satisfied where, as here, the accused has been twice previously adjudged guilty of distinct felonies upon which sentences of one year or more have been pronounced, irrespective of subsequent probation or suspension of the sentences.
 

 We are of the opinion the statute is intended to cure the evil of recidivism. Enhanced punishment relates to the conduct underlying the previous convictions. Adjudication of guilt and consequent pronouncements of sentences merely accord those convictions finality. Subsequent suspension of the sentences or probation is a matter of grace only, arising from the hope that the prospects of rehabilitation of the guilty warrant leniency. Clearly that hope is defeated when the beneficiary of the indulgence perpetrates further felonies. The statute is suited precisely to this problem.
 

 (Citations omitted);
 
 see also Hewlett v. State,
 
 607 So.2d 1097, 1105 (Miss.1992) (“The fact that there was no actual incarceration does not affect the sufficiency of the sentences as evidence of habitual offender status.”);
 
 Green v. State,
 
 802 So.2d 181, 183(¶ 14) (Miss.Ct.App.2001) (“Service of sentence through actual incarceration is not mandatory when considering habitual offender status under § 99-19-81.”) (citing
 
 Jackson,
 
 381 So.2d at 1042);
 
 Anderson v. State,
 
 766 So.2d 133, 136(¶ 9) (Miss.Ct.App. 2000). Therefore, for the purposes of habitual offender status pursuant to section 99-19-81, whether the individual actually served time in prison is irrelevant.
 
 [4]
 

 ¶ 15. Davis also argues that his indictment was defective because multi-count indictments are not permitted in Mississippi. Mississippi Code Annotated section 99-7-2(1), however, states as follows:
 

 Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
 

 Miss.Code. Ann. § 99-7-2(1) (Rev.2007). Here, the indictment stated that the of
 
 *442
 
 fenses giving rise to the four counts with which Davis was charged were all part of a common scheme or plan; therefore, it was permissible for the State to charge Davis in a multi-count indictment. Accordingly, this issue is without merit.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Davis also submitted with his brief to this Court numerous affidavits sworn out by himself and Carol Redmond during July and August 2007, well after the circuit court denied Davis's motion for post-conviction relief. Accordingly, as these affidavits were not included in the record before the circuit court, they are not properly before this Court.
 
 See Brown v. State,
 
 965 So.2d 1023, 1027(¶ 12) (Miss.2007) (“This Court will not consider matters that do not appear in the record, and it must confine its review to what appears in the record.”) (quoting
 
 Pulphus v. State,
 
 782 So.2d 1220, 1224(¶ 15) (Miss.2001)).
 

 [2]
 

 . In
 
 Young,
 
 the petitioner claimed that he was coerced into pleading guilty by the promise of a lesser sentence.
 
 Young,
 
 731 So.2d at 1122(¶10). The court affirmed the trial court’s denial of Young's motion based on his assertions during the guilty plea hearing that his sentence was not induced by the promise of a lesser sentence.
 
 Id.
 
 at 1123(1111).
 

 [3]
 

 . We note that during the guilty plea hearing, the circuit judge asked Davis if he actually served any time on his prior convictions, to which he responded, "I did a — I did some months, and then I got — that was suspended time for probation. I probably did six months, or something like that. I went to a drug rehab, Live Oaks.”
 

 [4]
 

 . We note that Davis contends that his sentences on the prior felonies were suspended at the same time they were imposed; he apparently is attempting to distinguish those cases which say that "subsequent” suspension of a sentence is irrelevant. Given that it is the conduct of the underlying conviction that the habitual offender statute is intended to address, we can discern no reason why the timing of the suspension would affect Davis’s eligibility to be tried as a habitual offender. The Mississippi Supreme Court has made no such distinction.
 
 See Moore v. State,
 
 631 So.2d 805, 806 (Miss. 1994) (affirmed habitual offender status where one of the primary convictions was “a three year suspended sentence”);
 
 Weaver v. State,
 
 497 So.2d 1089, 1096 (Miss.1986) (the fact that prior conviction "resulted in a suspended sentence” did not render defendant ineligible for consideration as a habitual offender under section 99-19-81). Accordingly, this issue is without merit.