LEE, P.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Kurt Middleton pleaded guilty in the Circuit Court of DeSoto County to uttering a forged instrument. He was sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007) to three years in the custody of the Mississippi Department of Corrections followed by seven years’ post-release supervision. Five years of the seven years’ post-release supervision were reporting post-release supervision, and the remaining two years were non-reporting post-release supervision. Middleton filed a motion for post-conviction relief, which was summarily dismissed by the trial court.
¶ 2. Middleton now appeals the dismissal of his motion for post-conviction relief, asserting the following issues: (1) the trial court erred in sentencing him as a habitual offender when his habitual-offender status was not proven at a separate hearing, and (2) the State failed to prove each element of the habitual-offender statute. Finding no error, we affirm the trial court’s dismissal of the motion for post-conviction relief.
STANDARD OF REVIEW
¶ 3. “A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous.” Phillips v. State, 25 So.3d 404, 406 (¶ 4) (Miss.Ct.App.2010). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
I. BIFURCATED HEARING
¶ 4. Middleton argues that he was improperly sentenced as a habitual offender because he was not given a separate hearing on his sentence enhancement. Middleton raises this issue for the first time on appeal. “When a petitioner fails to request a separate hearing at the time of sentencing, he is precluded from raising that point on appeal, even if there is substantive merit to the petitioner’s argument.” Rucker v. State, 955 So.2d 958, 960 (¶ 6) (Miss.Ct.App.2007) (citing Crouch v. State, 826 So.2d 772, 775 (¶ 4) (Miss.Ct.App.2002)). We find this issue is procedurally barred as it was not preserved for review.
¶ 5. Even if Middleton had preserved this issue, his argument would still be without merit. “When a defendant pleads guilty to the principal charge, a separate hearing as to whether he is a habitual offender is not mandatory.” Id. at 960 (¶ 7). “All that is required is that the accused be properly indicted as [a] habitual offender, ... that the prosecution prove the prior offenses by competent evidence, ... and that the defendant be given a reasonable opportunity to challenge the prosecution’s proof.” Crouch, 826 So.2d at 772 (¶ 4) (quoting Keyes v. State, 549 So.2d 949, 951 (Miss.1989)). Middleton admitted during the plea colloquy that he had been convicted of two prior felonies in Wisconsin in 1987. Middleton was asked if he had any objection to the indictment being amended to reflect he was a habitual offender. He responded that he had no objection, and he admitted that he qualified as a habitual offender under section 99-19-81. Proof of Middleton’s prior convictions was entered into the record as exhibits.
*164 ¶ 6. As a separate hearing on Middleton’s habitual-offender status was not necessary, we find this issue lacks merit.
II. HABITUAL-OFFENDER STATUS
¶ 7. Middleton argues that he was incorrectly sentenced as a habitual offender because the charges for his two prior convictions were not brought separately as required by section 99-19-81. He also argues that he was not sentenced to serve a term of at least one year on both convictions.
¶ 8. Section 99-19-81 states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 9. Before addressing Middleton’s arguments, we must note that Middleton was not sentenced to the maximum term as required by section 99-19-81. Section 99-19-81 states that a defendant who falls under its provisions “shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.” Middleton was indicted under Mississippi Code Annotated section 97-21-59 (Rev.2006), uttering a forged instrument. The penalty for forgery is imprisonment of “not less than two (2) years nor more than ten (10) years.... ” Miss.Code Ann. § 97-21-38 (Rev.2006). Middleton should have received a ten-year sentence without eligibility for parole or probation. Instead, Middleton had made a plea-bargain agreement with the State, and the trial court honored the agreement in sentencing him. Middleton agreed to the plea-bargain offer and was sentenced to three years followed by seven years’ post-release supervision. The trial court did not have discretion to give this reduced sentenced. However, this issue was not raised by the parties, and we decline to reverse for this error on appeal.
¶ 10. Middleton argues that the two convictions used to support his habitual-offender status occurred on the same day and were, therefore, not brought separately as required by the statute. Even though the two convictions occurred on the same day, they were for separate crimes on separate dates almost a year apart. Both crimes were burglaries of the same residence. As the conviction was for two separate crimes, this element of the habitual-offender statute was met.
¶ 11. Next, Middleton argues that he was only sentenced to prison for one of the two crimes used to determine his habitual-offender status. According to one sentencing report, Middleton was sentenced to serve ten years in the Wisconsin State Prison for burglary. The second sentencing report is entitled “Judgment of Convictionf:] Sentence Withheld, Probation Ordered.” It states that Middleton’s sentence for burglary “is withheld and the defendant is placed on probation for the period of 5 years, in the custody and control of the Wisconsin Department of Health and Social ServicesThe Mississippi Supreme Court has held that section 99-19-81 “is satisfied where the defendant was twice previously convicted of separate felonies and a sentence of one or more years was pronounced, regardless of *165 subsequent probation or suspension of sentence.” Hewlett v. State, 607 So.2d 1097, 1105 (Miss.1992). We find it unclear whether the second sentencing report was sufficient to convict Middleton as a habitual offender. However, there was a third conviction mentioned by the State in which Middleton was sentenced to one year in prison for operating a vehicle without the owner’s consent. Thus, the statute’s requirement that a defendant have two prior convictions was met. Nonetheless, Middleton was not sentenced to the maximum term as required by the habitual-offender statute, and Middleton agreed under oath during the plea colloquy that he qualified as a habitual offender under section 99-19-81. We find this issue is without merit.
¶ 12. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
MYERS, P.J., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. BARNES AND CARLTON, JJ., CONCUR IN THE RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. KING, C.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN pPINION.