BARNES, J.,
for the Court:
¶ 1. Allan Arthur Aranyos was indicted on one count of embezzlement. At his plea hearing on September 24, 2009, the State amended the indictment to reflect that Ar-anyos was a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). Aranyos pleaded guilty and was sentenced to ten years, with five years to be served in the custody of the Mississippi Department of Corrections (MDOC) and five years of probation.
¶ 2. Aranyos filed a motion for post-conviction relief, claiming he was erroneously sentenced as a habitual offender. The circuit court denied the motion, and finding no error on appeal, we affirm.
STANDARD OF REVIEW
¶ 3. A circuit court’s denial of a motion for post-conviction relief will not be disturbed on appeal unless its factual findings are “clearly erroneous.” Mann v. State, 73 So.3d 564, 565 (¶ 4) (Miss.Ct.App.2011) (citing Bradley v. State, 919 So.2d 1062, 1063 (¶ 6) (Miss.Ct.App.2005)). “However, where questions of law are raised, the applicable standard of review is de novo.” Id.
*118 DISCUSSION
I. Whether Aranyos’s prior conviction and sentence of probation support his classification as a habitual offender.
¶ 4. Aranyos argues that one of the prior convictions used by the State to support his habitual-offender status does not meet the statutory requirements of section 99-19-81, which states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
(Emphasis added). The amended indictment listed two prior convictions to support Aranyos’s classification as a habitual offender. The first was an Ohio conviction for bank robbery, for which Aranyos received a sentence of thirty-seven months of imprisonment and two years of supervised release. The second conviction, from Pennsylvania, was for Count One, burglary, for which Aranyos received five years of probation, to run consecutively to the sentence for Count Two, theft by unlawful taking or disposition. For Count Two, Aranyos received “an indefinite term, the minimum of which shall be eleven and one[-] half (11½) calendar months, and the maximum twenty[-]three (23) calendar months[.]” Count Two was not specifically listed in the amended indictment as a prior conviction, although the “Order of Parole” and plea agreement for Count Two were included in the circuit court’s record. The basis of Aranyos’s argument on appeal is that since his sentence for the Pennsylvania burglary conviction (Count One) was merely for five years of probation, he was never sentenced to a term in a penal institution for this particular conviction, and the prior conviction does not meet the requirements of section 99-19-81. After reviewing the relevant authority, we find there was sufficient evidence to support Aranyos’s classification as a habitual offender.
¶ 5. In the appellee’s brief, the State contends that Aranyos admitted to his prior convictions at the plea hearing and summarily states that Aranyos’s allegations regarding his Pennsylvania burglary conviction “are unsupported!)]” The State is correct that a defendant’s admission to prior convictions is sufficient to meet the necessary burden of proof.
Generally, to sentence a defendant as a habitual offender, the State must prove the prior offenses by competent evidence, and the defendant must be given a reasonable opportunity to challenge the prosecution’s proof. However, where the defendant enters a plea of guilty and admits those facts which establish his habitual status, the State has met its burden of proof.
Wilkins v. State, 57 So.3d 19, 26 (¶ 23) (Miss.Ct.App.2010) (emphasis added and internal citations omitted). The following conversation took place at the hearing:
Q. Do you admit you’ve been convicted of these two underlying convictions which establish you as a habitual offender?
A. Yes, Your Honor.
Q. Do you also admit that you’ve been convicted of these underlying felonies *119 which establish you as a habitual offender.
A. Yes, Your Honor.
Thus, Aranyos did admit that he had been convicted of the two underlying convictions listed in the indictment.
¶ 6. However, we cannot state with certainty that Aranyos’s acknowledgment of his prior conviction and sentence of probation in the indictment constitutes an admission of “those facts which establish his habitual status.” See id. As the State did not substantively address Aranyos’s argument in its brief, we requested supplemental briefing on this issue.[1]
¶ 7. In its supplemental brief, the State argues that actual incarceration for a prior conviction is not required in order to be sentenced as a habitual offender. The State is correct that Mississippi precedent has consistently held:
Service of [a] sentence through actual incarceration is not mandatory when considering habitual[-]offender status under [section] 99-19-81. Where a defendant has been twice previously judged guilty of distinct felonies on which sentences of one year or more have been pronounced, irrespective of subsequent probation or suspension, statutory intent is satisfied regarding habitual[-]offender statutes.
Green v. State, 802 So.2d 181, 183-84 (¶ 14) (Miss.Ct.App.2001) (citing Jackson v. State, 381 So.2d 1040, 1042 (Miss.1980)). Considering a defendant’s prior convictions originating in Alabama, the Mississippi Supreme Court, in Jackson, 381 So.2d at 1042, stated:
We are of the opinion [section 99-19-81] is intended to cure the evil of recidivism. Enhanced punishment relates to the conduct underlying the previous convictions. Adjudication of guilt and consequent pronouncements of sentences merely accord those convictions finality. Subsequent suspension of the sentences or probation is a matter of grace only, arising from the hope that the prospects of rehabilitation of the guilty warrant leniency. Clearly that hope is defeated when the beneficiary of the indulgence perpetrates further felonies. The statute is suited precisely to this problem.
(Emphasis added). However, the supreme court noted that the Alabama circuit court, in the prior convictions, had sentenced the defendant to imprisonment for three years; the defendant was the one who applied for and was granted probation, with his sentences suspended.
¶ 8. In Anderson v. State, 766 So.2d 133, 135 (¶ 6) (Miss.Ct.App.2000), the defendant argued that his prior conviction from Kentucky “only carried a probated sentence instead of a sentence to a penal institution.” We found no error in the circuit court’s sentencing of the defendant as a habitual offender under section 99-19-81, even though he had only received five years of probation on one of his prior convictions. Anderson, 766 So.2d at 136 (¶ 9). “[I]t was Anderson’s good fortune that his sentence was probated for five years subject to his continuing to meet certain conditions, therefore relieving Anderson of the burden of incarceration.” Id.; see also Williams v. State, 24 So.3d 360, 364-65 (¶ 11) (Miss.Ct.App.2009) (“This statute merely requires that the defendant be sentenced to one year or *120 more for each crime. It does not require that the individual be incarcerated under his imposed sentences to obtain habitual[-]offender status.” (citing Davis v. State, 5 So.3d 435, 441 (¶ 14) (Miss.Ct.App.2008))).
¶ 9. More recently, we addressed this issue again in Middleton v. State, 49 So.3d 161 (Miss.Ct.App.2010). Kurt Middleton claimed that classifying him as a habitual offender was error since “he was only sentenced to prison for one of the two crimes used to determine his habitual-offender status.” Id. at 164 (¶ 11). The sentence for his second conviction, which was from Wisconsin, was “withheld,” and Middleton was placed on probation for five years “in the custody and control of the Wisconsin Department of Health and Social Services.” Id. Since there was a third prior conviction that met the statutory requirements of section 99-19-81, we declined to address Middleton’s argument as to “whether the second sentencing report was sufficient to convict [him] as a habitual offender,” finding it “unclear.” Id. at 165 (¶ 11). However, we will now clarify this issue, as it applies to the present case.
¶ 10. Aranyos’s prior burglary conviction and sentence of five years of probation originated in Pennsylvania. Under 42 Pennsylvania Consolidated Statutes Annotated section 9721(a)(1), a court may impose an “order of probation” as an sentencing alternative. See Com. v. Childs, 445 Pa.Super. 32, 664 A.2d 994, 996 (1995) (Under section 9721, “the trial court may select from the alternatives of probation, determination of guilty without a penalty, partial or total confinement, fines or intermediate punishment.”). “Probation is a separate sentence permitted by the Sentencing Code under certain circumstances.” Com. v. Deshong, 850 A.2d 712, 716 (¶ 15) (Pa.Super.Ct.2004). “Probation is a suspended sentence of incarceration served upon such terms and conditions as imposed by the sentencing court.” Fleegle v. Pa. Bd. of Prob. & Parole, 110 Pa.Cmwlth. 227, 532 A.2d 898, 899 (1987) (citation omitted).
¶ 11. Moreover, “[n]o section of the Sentencing Code contemplates imprisonment as an element of a probationary sentence; probation is in fact a less restrictive alternative to imprisonment directed at rehabilitating the defendant without recourse to confinement during the probationary period.” Com. v. Basinger, 982 A.2d 121, 127 (¶ 13) (Pa.Super.Ct.2009) (citing Com. v. Crosby, 390 Pa.Super. 140, 568 A.2d 233, 235 (1990)); see also Klouda v. Sixth Judicial Dist. Dep’t of Cor. Servs., 642 N.W.2d 255, 262 (Iowa 2002) (“Probation ‘relates to judicial action taken before the prison door is closed.’” (quoting State v. Wright, 202 N.W.2d 72, 76 (Iowa 1972))). Even Black’s Law Dictionary defines probation as a “court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison.” Black’s Law Dictionary 1240 (8th ed.2004) (emphasis added). Accordingly, we conclude that Aranyos’s prior Pennsylvania burglary conviction and sentence of five years of probation was not a sentence to a term in a penal institution and does not satisfy the requirements of section 99-19-81.
¶ 12. However, as in Middleton, we find there was evidence of a third conviction that satisfies the requirements of section 99-19-81. The amended indictment stated that the sentence for Aranyos’s Pennsylvania burglary conviction (Count One) was to run consecutively with his sentence for Count Two, which was “an indefinite term, the minimum of which shall be eleven and one half (11½) calendar months, and the maximum twenty[-]three (23) calender *121 months[.]” See Basinger, 982 A.2d at 127 (¶ 13) (holding that “probation may be employed in conjunction with confinement as a ‘tail’ designed to assist the defendant in reintegrating with society following a term of imprisonment, or may be imposed where mitigating factors make prison unnecessary”). Although the Count Two conviction was not listed on the amended indictment except by reference, the sentencing order for the conviction was included in the circuit court’s record to support Aranyos’s habitual-offender status. Thus, although the Count Two conviction was not mentioned at the plea hearing, we find that it was clearly in the record before the court. See Heidelberg v. State, 45 So.3d 730, 733 (¶ 14) (Miss.Ct.App.2010) (“Sentencing orders are competent evidence of previous convictions.” (quoting Harper v. State, 887 So.2d 817, 828 (¶ 49) (Miss.Ct.App.2004))); Frazier v. State, 907 So.2d 985, 991-92 (¶¶ 16-18) (Miss.Ct.App.2005) (certified pen-packs proving prior convictions sufficient to establish “habitual enhancement”).
¶ 13. Aranyos contends that his sentence for Count Two also “does not qualify under the statute” since it was for a minimum of eleven and one-half months. We find no merit to this argument. “[U]n-der Pennsylvania law, the sentence imposed for a criminal offense is the maximum term. The minimum term merely sets the date prior to which a prisoner may not be paroled.” Krantz v. Pa. Bd. of Prob. & Parole, 86 Pa.Cmwlth. 38, 483 A.2d 1044, 1047 (1984) (citing Gundy v. Pa. Bd. of Prob. & Parole, 82 Pa.Cmwlth. 618, 478 A.2d 139, 141 (1984)). “[A] prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner’s minimum term.” Id. (citation omitted); see also State v. Luna, 211 Neb. 630, 319 N.W.2d 737, 740 (1982) (holding that an indeterminate sentence is sufficient to satisfy a minimum term requirement for habitual-offender status, as the defendant might have been made to serve the entire term). But see State v. Perkins, 169 Conn. 263, 363 A.2d 141, 143 (1975) (A “sentence ... for an indefinite term was not a sentence for ‘an imposed term of more than one year’ ” within the meaning of Connecticut’s “persistent felony offender” statute.) While the minimum term for Aranyos’s sentence for Count Two was slightly less than one year, the maximum term was twenty-three months. Therefore, we find his conviction and sentence for Count Two satisfies the prior-conviction requirements in section 99-19-81.
¶ 14. Accordingly, we find that Aran-yos’s classification as a habitual-offender is supported by the record.
II. Whether defense counsel’s failure to identify the deficiency in the prior conviction constituted ineffective assistance.
¶ 15. Aranyos also claims that his counsel’s performance was ineffective, citing counsel’s failure to recognize that his prior Pennsylvania conviction was insufficient to support his status as a habitual offender. In order for a defendant to prove ineffective assistance of counsel, he must establish that: “(1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.” Dunlap v. State, 70 So.3d 1140, 1143 (¶ 13) (Miss.Ct.App.2011) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To overcome the strong presumption “that counsel’s performance falls within the range of reasonable professional assistance,” a defendant “must ‘show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’” Id. (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
*122 ¶ 16. Aranyos’s only claim is that his counsel did not inform him that his prior conviction was not sufficient to classify him as a habitual offender. As we have found no error in the circuit court’s sentencing, this issue is without merit. Aranyos has failed to prove any deficiency on the part of his counsel that resulted in prejudice.
¶ 17. Accordingly, we find no error in the circuit court’s denial of Aranyos’s motion for post-conviction relief.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING, P.J., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J.; FAIR, J., JOINS IN PART. JAMES, J., NOT PARTICIPATING.

. As Aranyos is acting pro se, we also requested and were provided with an amicus curiae supplemental brief from the Criminal Appeals Clinic at the University of Mississippi School of Law. The Criminal Appeals Clinic is headed by Professor Phillip Broadhead, who authored the brief. The amicus brief limited its argument to the fact that Aranyos admitted the prior convictions.